IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-710-F |
| | ) |
| MRS. WATTON, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Anthony Davis is a state inmate complaining about the conditions of his confinement.  The Court should summarily dismiss the action without prejudice for nonexhaustion of available administrative remedies.[1]

## Background

Mr. Davis alleges improper opening of his legal mail.  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 2 ("Complaint").  According to the Plaintiff, he filed a grievance and authorities "have done nothing about this matter yet." *Id.* at p. 4.  Mr. Davis attached three documents to his complaint:

- a request to staff dated January 25, 2006,

- a grievance dated January 25, 2006, and

- correspondence from the grievance coordinator returning the Plaintiff's grievance for lack of an attached request to staff.

---

[1]     The Court can address the exhaustion issue *sua sponte*.  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-11 (10th Cir. 2003).

*Id.*, Attachments 1-3. The complaint does not sufficiently allege exhaustion of administrative remedies.

### Nonexhaustion of Available Administrative Remedies

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). "[T]he [Prison Litigation Reform Act] exhaustion requirement requires proper exhaustion" of the prison's administrative remedies,[2] and the prisoner must plead and prove compliance.[3] When the prisoner fails to comply with this duty for even a single claim, the Court must ordinarily dismiss the entire action. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-90 (10th Cir. 2004).

Under the Oklahoma Department of Corrections ("DOC") grievance policy, an inmate must initially attempt informal resolution of the complaint.[4] *See* Inmate/Offender Grievance

---

[2]      *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2387 (2006).

[3]      *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-11 (10th Cir. 2003).

[4]      Mr. Davis is confined at the Lawton Correctional Facility, which uses the DOC grievance policy. *See* Complaint, Attachment 1 (citing DOC OP-090124 and referring prisoners to the policy for guidance). This policy is subject to judicial notice. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) ("This court can take judicial notice of agency rules and regulations."); *accord Morrow v. Collins*, 111 F.3d 374, 375 (5th Cir. 1997) (*per curiam*) ("We take judicial notice of the recently established [Texas Department of Criminal Justice] procedures . . . .").

Process at p. 5 (eff. Oct. 11, 2005).  If verbal communication does not resolve the issue, the

inmate must file a request to staff and prison staff has ten days to respond.  *See id.*

If informal resolution is impossible, the inmate can file a grievance.  *See id.* at p. 6.

If officials return the grievance unanswered because of irregularities, the inmate can resubmit

the document within ten days.  *See id.*  The DOC policy dictates that if a complaint cannot

be resolved through a grievance or if the grievance goes unanswered for 30 days, the inmate

should proceed to the administrative review authority.  *See id.* at pp. 7, 9.  Exhaustion is

complete only when the inmate seeks relief through the administrative review authority.  *See*

*id.* at p. 10.

For three reasons, Mr. Davis failed to exhaust available administrative remedies:

- the grievance was premature,

- Mr. Davis failed to resubmit the grievance, and

- he failed to appeal to the administrative review authority.

On January, 25, 2006, Mr. Davis filed a request to staff and a grievance.  *See*

Complaint, Attachments 2-3.  The grievance was premature because officials had not

answered the request to staff and they had ten days to do so.  *See supra* p. 2 (inmate must

allow staff ten days to respond to a request to staff).

As officials explained, Mr. Davis could resubmit the grievance within ten days.  *See*

*supra* p. 3 (inmate has ten days to resubmit a grievance which had been returned for improper

completion).  Instead, Mr. Davis brought the present action.  The failure to resubmit the

grievance, curing the deficiency, entailed a failure to exhaust available administrative remedies.[5]

Finally, Mr. Davis failed to appeal to the administrative review authority. *See supra* p. 3 (exhaustion is not complete until the administrative review authority is notified). The failure to pursue relief at this level is fatal. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (no exhaustion when the inmate failed to send a "grievance with evidence of its prior submission to an administrative review authority").

Because Mr. Davis has not adequately pled exhaustion of all available administrative remedies, the Court should dismiss the entire action. *See supra* p. 2. The dismissal should be without prejudice. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice.").

---

[5]     The Tenth Circuit Court of Appeals addressed a similar issue in *Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002), and *Hoover v. West*, 93 Fed. Appx. 177 (10th Cir. Feb. 19, 2004) (unpublished op.). In *Jernigan v. Stuchell*, authorities denied receipt of a grievance, but the plaintiff alleged that it had been lost or misfiled. *See Jernigan v. Stuchell*, 304 F.3d at 1032. In *Hoover v. West*, authorities returned a grievance unanswered because of a mistake on their part. *See Hoover v. West*, 93 Fed. Appx. at 178-79. In both cases, officials gave the inmates ten days to cure the defects, and the prisoners failed to do so. *See Jernigan v. Stuchell*, 304 F.3d at 1032-33; *Hoover v. West*, 93 Fed. Appx. at 179. The failure to correct the error in the ten-day period was fatal even though in both cases, the original submissions may have been proper. *Jernigan v. Stuchell*, 304 F.3d at 1032-33; *Hoover v. West*, 93 Fed. Appx. at 181-82; *see also Hilliard v. Ray*, 123 Fed. Appx. 908, 910 (10th Cir. Feb. 17, 2005) (unpublished op.) (stating that a prisoner had failed to exhaust available administrative remedies through his failure to resubmit a grievance after being given ten days to remedy filing defects).

**Notice of Right to Object**

Mr. Davis may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any such objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is August 18, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would constitute a waiver of the Plaintiff's right to appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**Docketing Instructions**

Upon affirmance or waiver of the right to appeal,[6] the suggested dismissal would count as a "prior occasion" for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2000).[7]

The referral to the undersigned is terminated.

Entered this 28th day of July, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[6]     *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.").

[7]     *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)" (citation omitted)).